IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HANZELKA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION |
| | § | NO. _____ |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| JENNIFER KINLER, and | § | |
| TWFG INSURANCE SERVICES INC., | § | |
| | § | |
|     Defendants. | § | |

**DEFENDANTS UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S AND JENNIFER KINLER'S NOTICE OF REMOVAL**

Defendants United Property and Casualty Insurance Company ("UPC") and Jennifer Kinler ("Kinler") file this Notice of Removal:

### I.    PROCEDURAL BACKGROUND

1. On January 25, 2017, Plaintiff John Hanzelka filed this lawsuit in Harris County, Texas, against United Property & Casualty Insurance Company, Jennifer Kinler, and TWFG Insurance Services Inc. ("TWFG").

2. Plaintiff served UPC with a copy of a Citation and Plaintiff's Original Petition on February 13, 2017.

3. TWFG filed its Original Answer and Plea in Abatement on February 23, 2017.

4. UPC and Kinler filed their Original Answer on March 1, 2017.

5. UPC and Kinler file this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6. As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit A is an index of the matters being filed. A copy of the docket sheet is attached as Exhibit B. A copy of Plaintiff's Original Petition is attached as Exhibit C. A copy of the Civil Case Information Sheet is attached as Exhibit D. A copy of the Citation issued to UPC and a Return of Service is attached as Exhibit E. A copy of the Citation issued to Jennifer Kinler is attached as Exhibit F. A copy of the citation issued to TWFG Insurance Services Inc. is attached as Exhibit G. A copy of Defendant UPC's and Kinler's Original Answer is attached as Exhibit H. A copy of Defendant TWFG's Original Answer is attached as Exhibit I and a list of all counsel of record and parties represented is attached as Exhibit J.

7. A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

8. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II. NATURE OF THE SUIT

9. Plaintiff's Original Petition alleges few specific facts except that Plaintiff's property located at 27102 Sable Oaks Lane, Cypress, Texas 77433 allegedly sustained damage during a storm on or about June 23, 2016, and UPC failed to pay under a policy purchased by Plaintiff. Defendants UPC and Kinler have filed an Original Answer denying Plaintiff's claims.

### III.     BASIS FOR REMOVAL

10. Under the federal removal statute, 28 U.S.C. § 1441, a defendant may remove a civil action filed in state court to the federal district court for the district and division where the state court is located if that district court could have exercised original jurisdiction over the case. 28 U.S.C. § 1441.  A notice of removal must be filed within thirty days after a defendant is served with notice of suit, and all served and properly joined defendants must timely consent to removal.  *See* 28 U.S.C. § 1446(b); *see also Gillis v. Louisiana*, 294 F.3d 755, 758-59 (5th Cir. 2002).  Defendant TWFG Insurance Services, Inc. has timely consented to this removal.

11. Removal is proper in this case based on diversity of citizenship under 28 U.S.C. § 1332(a).  This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.     The Properly Joined and Served Parties Are Of Diverse Citizenship.

12. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

13. UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas.  UPC is organized under Chapter 982 of the Texas Insurance Code.

14. Kinler was at the time this action was commenced, and still is, a resident and citizen of Louisiana.

15. TWFG was at the time this action was commenced, and still is, a Texas corporation.  With respect to the claims against TWFG, it is UPC's and Kinler's position that TWFG was improperly and fraudulently joined solely to defeat diversity jurisdiction in this case.

Therefore, the Texas citizenship of TWFG should be disregarded for the purposes of evaluating diversity in this matter.

16. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

17. Plaintiff asserts generic claims against TWFG for alleged misrepresentations regarding the scope of coverage. In the absence of some specific, affirmative misrepresentation, a mistaken belief about the scope of coverage is not actionable under DTPA or the Insurance Code. *Manion v. Security Nat. Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, at *2 (Tex. App.—Corpus Christi, Aug. 15, 2002, no pet.); *Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex. App.—Fort Worth 1996, no writ).

18. Moreover, Plaintiff's causes of action against TWFG accrued before the loss at issue in this case, as they are based on alleged representations made by TWFG to Plaintiff well before the date of loss of June 23, 2016, Plaintiff identifies in his Original Petition. Thus, the claims against TWFG are not properly joined with the claims against UPC and Kinler and should be severed. *See JYC Enterprises, Inc. v. Allied Prop. & Cas. Ins.*, Civil Action No. H-16-2437, 2017 WL 319041, at *1 (S.D. Tex. Jan. 11, 2017). Plaintiff's claims against TWFG consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940

(2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against TWFG, its presence should be disregarded in determining diversity jurisdiction.

19. Because Plaintiff is a citizen of Texas, Defendant UPC is a citizen of Florida, and Defendant Kinler is a citizen of Louisiana, complete diversity of citizenship exists among the properly joined and served parties.

### B. The Amount in Controversy Exceeds $75,000.00.

20. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that UPC is liable under a homeowners' insurance policy because Plaintiff made a claim under that policy and Defendants UPC and Kinler wrongfully adjusted Plaintiff's claim. Plaintiff expressly pleads in his Original Petition that he seeks monetary relief of no less than $100,000.00 but no more than $200,000.00.

21. In addition to the amounts sought in this litigation by Plaintiff under his policy, Plaintiff's Original Petition alleges that Defendants are liable under various statutory and common law causes of action for consequential damages, statutory penalties, treble damages, exemplary damages, court costs, and attorney's fees. As such, Plaintiff's alleged damages greatly exceed the $75,000.00 jurisdictional requirement.

### IV.   CONCLUSION AND PRAYER

22. Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. UPC and Kinler hereby remove this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
State Bar No. 24029862
Southern District No.: 17055
**BRETT GARDNER**
State Bar No. 24078539
Southern District No.: 3016873

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  bgardner@thompsoncoe.com

**COUNSEL FOR DEFENDANTS UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND JENNIFER KINLER**

### CERTIFICATE OF SERVICE

This is to certify that on the 10th day of March, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Chad T. Wilson
Stephen Mengis
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson