# Exhibit C

 **CT Corporation**

**Service of Process Transmittal**
02/13/2017
CT Log Number 530677520

**TO:**      Scott R. St. John, Chief Claims Officer
UPC Insurance (NASDAQ: UIHC)
800 2nd Avenue South
Saint Petersburg, FL 33701

**RE:**      **Process Served in Texas**

**FOR:**     United Property & Casualty Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Hanzelka, Pltf. vs. United Property & Casualty Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 125th Judicial District Court Harris County, TX<br>Case # 201704996 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/13/2017 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson<br>CHAD T. WILSON LAW FIRM PLLC<br>1 322 Space Park Drive<br>Suite A 155<br>Houston, TX 77058<br>(832) 415-1432 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0105992117 |
| | Image SOP |
| | Email Notification, Legal Department  LAWSUIT@upcinsurance.com |
| | Email Notification, Robin Stokes  rstokes@upcinsurance.com |
| | Email Notification, Debbie Cunningham  dcunningham@upcinsurance.com |
| | Email Notification, Thom Ferris  tferris@upcinsurance.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7016 1370 0001 2031 5513

UNITED PROPERTY & CASULTY INSURANCE
COMPANY C/O C T CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TEXAS 75201-3036

CAUSE NO.   201704996

RECEIPT NO.                          75.00        CTM
             **********             TR # 73335788

PLAINTIFF: HANZELKA, JOHN                    | In The    125th
              vs.                            | Judicial District Court
DEFENDANT: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY | of Harris County, Texas
                                             | 125TH DISTRICT COURT
                                             | Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY THROUGH ITS REGISTERED
    AGENT CT CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136

    Attached is a copy of ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE


This instrument was filed on the 25th day of January, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 2nd day of February, 2017, under my hand and
seal of said Court.


Issued at request of:
WILSON, CHAD TROY                    CHRIS DANIEL, District Clerk
1322  SPACE PARK DRIVE SUITE A155    Harris County, Texas
HOUSTON, TX  77058                   201 Caroline, Houston, Texas 77002
Tel: (832) 415-1432                  (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24079587
                                     Generated By: DENMON, BRIANNA JANEL  3B5//10591547

                        CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____        ADDRESS

                                  Service was executed in accordance with Rule 106
_____            (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                          return receipt incorporated herein and attached
                                      hereto at
_____
                                  on _____ day of _____, _____
                                  by U.S. Postal delivery to _____
                                  _____

                                  This citation was not executed for the following
                                  reason: _____
                                  _____

                                  CHRIS DANIEL, District Clerk
                                  Harris County, TEXAS

                                  By _____, Deputy


N.INT.CITM.P                    *73335788*

1/25/2017 10:46:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14928923
By: Wanda Chambers
Filed: 1/25/2017 10:46:50 AM

## 2017-04996 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| **JOHN HANZELKA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | **HARRIS COUNTY, TEXAS** |
| **INSURANCE COMPANY,** | § | |
| **JENNIFER KINLER, and** | § | |
| **TWFG INSURANCE SERVICES INC.,** | § | |
| **Defendants.** | § | **_____ DISTRICT COURT** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW John Hanzelka, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC"), Jennifer Kinler ("Kinler"). and TWFG Insurance Services Inc. ("TWFG") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, John Hanzelka, resides in Harris County. Texas.

3.  Defendant, United Property & Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its

registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.  Defendant, Jennifer Kinler, is an adjuster who resides in Paradis, Louisiana.  Plaintiff requests service of citation upon Jennifer Kinler at the address listed with the Texas Department of Insurance**: P.O. Box 3614, Paradis, Louisiana**.  Plaintiff requests service at this time.

5.  Defendant, TWFG Insurance Services Inc., is a general lines insurance agency, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with United Property & Casualty Insurance Company.  Plaintiff requests service of citation upon TWFG Insurance Services Inc. at its place of business: **1201 Lake Woodlands Drive, Suite 4020, The Woodlands, Texas 77380**.  Plaintiff requests service at this time

## JURISDICTION

6.  The Court has jurisdiction over United Property & Casualty Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

7.  The Court has jurisdiction over Jennifer Kinler because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of her business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

8.    The Court has jurisdiction over TWFG Insurance Services Inc. because this Defendant engages in the business of selling property and casualty insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

9.    Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.   Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.   Plaintiff owns an UPC homeowner's insurance policy, number UTH033755700 ("the Policy"), which was issued by UPC. At all relevant times, Plaintiff owned the insured premises located at 27102 Sable Oaks Lane, Cypress, Texas 77433 ("the Property").

12.   Plaintiff came by UPC through the recommendation of TWFG, and ultimately purchased the Policy through TWFG. At the time the Policy was purchased, TWFG represented that the Policy Plaintiff purchased provided full coverage for hailstorm and windstorm losses.

13.   If Plaintiff had been informed by his agent that he could have received better coverage from another carrier's Policy or more effective customer service with respect to claims handling, Plaintiff would have purchased a different Policy altogether.

3

14. On or about June 23, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Harris County, Texas, area.

15. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to UPC against the Policy for damage to the Property.   UPC assigned claim number 2016TX023653 to Plaintiff's claim.

16. Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

17. UPC hired or assigned its agents, namely Kinler, to inspect and adjust the claim.  In UPC's denial letter, they claimed that the damage sustained by the Property did not reach the Policy deductible and thus no payment was forthcoming.  Kinler's estimate generated an estimate of damages totaling $2,074.45, conveniently below the Policy deductible of $2,590.00. This left Plaintiff no recovery to make proper repairs on their home.

18. UPC, through its agent, Kinler, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs, failed to include significant damage sustained by the Property in its estimate, and yielded an unrealistic amount to underpay coverage.

19. UPC has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage that was not even included in Kinler's estimate. Specifically, Kinler found damage to Plaintiff's window screens, downspouts, and the interior entry way of the Property. Somehow, despite the policy requiring storm created openings in order to provide coverage for interior damage, Kinler found covered damage to Plaintiff's entryway, while listing no exterior damage on her estimate that would explain such coverage.

4

20.    The third party adjuster hired to review the damage found damage to the entire 37.5 squares of Plaintiff's roof and suggested it be replaced. He also found damage to roof fixtures such as the valley metal, asphalt starter, drip edge, step flashing, ridge cap, pipe jack flashing, ridge vent, exhaust cap and chimney flashing. The adjuster found additional damage to Plaintiff's exterior elevations, not just the front elevation listed in Kinler's estimate, and the adjuster found nearly ten times the amount of damage to Plaintiff's entry way.

21.    The damage to Plaintiff's Property is currently estimated at $41,606.30.

22.    Kinler had a vested interest in undervaluing the claims assigned to her by UPC in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Kinler.

23.    Furthermore, Kinler was aware of Plaintiff's deductible prior to inspecting the Property. Kinler had advanced knowledge of the damages she needed to document in order to be able to deny the claim.

24.    Kinler misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Kinler made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on her expertise and accept the fraudulent estimate as a true representation of the damages.

25.    As stated above, UPC and Kinler improperly and unreasonably adjusted Plaintiff's claim. Without limitation, UPC and Kinler misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

26.     UPC and Kinler made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. UPC and Kinler made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Kinler.

27.     Plaintiff relied on UPC and Kinler's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

28.     Upon receipt of the inspection and estimate reports from Kinler, UPC failed to assess the claim thoroughly. Based upon Kinler's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, UPC failed to provide coverage due under the Policy, and Plaintiff suffered damages.

29.     Because UPC and Kinler failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

30.     Furthermore, UPC and Kinler failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Kinler performed an unreasonable and substandard inspection that allowed UPC to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

31.   UPC and Kinler's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

32.   UPC and Kinler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). UPC and Kinler have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, UPC and Kinler have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

33.   UPC and Kinler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). UPC and Kinler failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

34.   Additionally, after UPC received statutory demand on or about October 31, 2016, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

35.   UPC and Kinler's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Kinler performed a biased and intentionally substandard inspection designed to allow UPC to refuse to provide full coverage to Plaintiff under the Policy.

7

36.    Specifically, UPC and Kinler performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

37.    UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Kinler subpar inspection, UPC failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

38.    UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Kinler's intentional undervaluation of Plaintiff's claims, UPC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Kinler's understatement of the damage to the Property caused UPC to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

39.    UPC and Kinler's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

40.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

41.    UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

42.    UPC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of UPC's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

43.    UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44.    UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

45.    UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

46.  UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

47.  UPC's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

48.  UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49.  UPC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.  UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

51.  UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

10

## DTPA VIOLATIONS

52.     UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act

("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and

services provided by UPC pursuant to the DTPA.  Plaintiff has met all conditions precedent

to bring this cause of action against UPC.  Specifically, UPC's violations of the DTPA

include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2),

(5), (7), (9), (12), (20) and (24) of the DTPA.  UPC's violations include, (1)

unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's

claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for

the proper repair of Plaintiff's property when liability has become reasonably clear,

which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      UPC represented to Plaintiff that the Policy and UPC's adjusting agent and

investigative services had characteristics or benefits they did not possess, which

gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      UPC represented to Plaintiff that UPC's Policy and adjusting services were of a

particular standard, quality, or grade when they were of another, in violation of

section 17.46(b)(7) of the DTPA.

D.      UPC advertised the Policy and adjusting services with the intent not to sell them as

advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.    UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

53.    Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages. All of UPC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## NEGLIGENT HIRING

54.    UPC has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness. Defendant UPC owed a duty to Plaintiff and that duty was breached.

55.    UPC was negligent in that it knew or should have known that Kinler was an incompetent adjuster and unfit to handle claims on behalf of UPC. Specifically, UPC should have known Kinler was incapable of performing the tasks necessary to perform a reasonable property damage inspection.

56.     UPC failed to investigate, screen or supervise Kinler, who was the proximate cause of the damages suffered by Plaintiff in this action.

## FRAUD

57.     UPC is liable to Plaintiff for common law fraud.

58.     Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and UPC knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

59.     UPC made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT JENNIFER KINLER

60.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

61.     Kinler's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

62.     Kinler is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of UPC, because Kinler is a "person" as defined by TEX. INS. CODE §541.002(2).

13

63.    Kinler's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

64.    Kinler's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

65.    Kinler knowingly underestimated the amount of damage to the Property.  As such, Kinler failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).·

66.    Furthermore, Kinler did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

67.    Kinler's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Kinler pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against Kinler.  Specifically, Kinler's violations of the DTPA include the following matters:

A.    By her acts, omissions, failures, and conduct, Kinler has violated sections 17.46(b) (2), (5), and (7) of the DTPA.  Kinler's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting

14

the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Kinler represented to Plaintiff that the Policy and her adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Kinler represented to Plaintiff that the Policy and her adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

D.    Kinler's actions are unconscionable in that Kinler took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Kinler's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Kinler's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

68.    Each of Kinler's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Kinler, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

15

## NEGLIGENCE

69.     Kinler was negligent in her action and/or omission with regard to her adjusting of Plaintiff's claim. Kinler violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas. Those failures include one or more of the following acts or omissions:

A.      Failure to conduct a reasonable inspection;

B.      Failure to include covered damage that would be discovered as a result of a reasonable inspection;

C.      Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

D.      Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

E.      Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to the Property.

70.     Kinler's acts and/or omissions constitute negligence. Her conduct was the proximate cause of the damages sustained by Plaintiff.

71.     At all relevant times, Kinler was an agent or employee of Defendant UPC.

72.     Kinler's unreasonable inspection was performed within the course and scope of her duties with Defendant UPC. Therefore, UPC is also liable for the negligence of Kinler through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

73.     Kinler's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

16

A.      Kinler's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

B.      Kinler had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

### CAUSES OF ACTION AGAINST TWFG INSURANCE SERVICES INC.

74.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

### DTPA VIOLATIONS

75.     TWFG'S conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, its violations of the DTPA include, without limitation, the following matters:

A.      By their acts, omissions, failures, and conduct, TWFG violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. TWFG'S violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

B.      TWFG breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

17

C. The conduct, acts, omissions, and failures of TWFG are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D. The conduct, acts, omissions, and failures of TWFG are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

76. Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by TWFG, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

77. TWFG was negligent in its action and/or omission with regard to its explanation of the terms of coverage regarding Plaintiff's Policy. TWFG violated the standard of care and fell below the applicable standard of an insurance agent licensed by the state of Texas. Those failures include one or more of the following acts or omissions:

A. Failure to adequately explain the coverage provided by the Policy;

B. Failure to adequately explain the exclusions to coverage under the Policy;

C. Failure to adequately explain endorsements added to Plaintiff's Policy;

D. Failure to adequately explain what type of damage is not covered and why under the Policy; and

E. Failure to communicate to Plaintiff that UPC would attempt to deny covered damage under the Policy.

18

78.   TWFG's acts and/or omissions constitute negligence. Its conduct was the proximate cause
      of the damages sustained by Plaintiff.

79.   At all relevant times, TWFG was an agent or employee of Defendant UPC.

80.   TWFG's unreasonable actions and omissions were performed within the course and scope
      of its duties with Defendant UPC. Therefore, UPC is also liable for the negligence of
      TWFG through the doctrine of respondeat superior.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

81.   TWFG'S conduct constitutes multiple violations of the Texas Insurance Code,
      Misrepresentations Regarding Policy or Insurer. TEX. INS. CODE §541.051(1)(a) and
      TEX. INS. CODE §541.051(1)(b). Specifically, TWFG misrepresented that the Policy
      afforded benefits in the form of payment for hail and wind damages, when the Policy did
      not.

### KNOWLEDGE

82.   Defendants made each of the acts described above, together and singularly, "knowingly,"
      as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's
      damages described herein.

### WAIVER AND ESTOPPEL

83.   Defendants waived and are estopped from asserting any coverage defenses, conditions,
      exclusions, or exceptions to coverage not contained in any reservation of rights letter to
      Plaintiff.

19

## DAMAGES

84.  The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

85.  Plaintiff currently estimates that actual damages to the Property under the Policy are $41,606.30.

86.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

87.  For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

88.  For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

89.　For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

90.　For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount UPC owed, exemplary damages, and damages for emotional distress.

91.　Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

92.　For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

93.　For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

21

Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

94.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind. penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

95.     Under Texas Rules of Civil Procedure 190 and 194. Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

96.     Plaintiff hereby requests a jury trial for all causes of action alleged herein. tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, United Property & Casualty Insurance Company, Jennifer Kinler, and TWFG Insurance Services Inc. be cited and served to appear, and that upon trial hereof, Plaintiff, John Hanzelka, recover from Defendants, United Property & Casualty Insurance Company, Jennifer Kinler, and TWFG Insurance Services Inc. such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

23